Thank you. Good morning, your honors. Teresa Reed-Dippo on behalf of petitioner Francisca Villegas Sanchez. I would like to reserve two minutes for rebuttal. The agency erred in two ways below. First, the evidence compels a finding of past persecution because Ms. Villegas credibly testified that she suffered repeated death threats by a known gang member, culminating in a two-day ultimatum that forced her to flee El Salvador and leave her son behind. Second, the agency independently found that Ms. Villegas does not reasonably fear future persecution solely because her proposed social group is not socially distinct. But the evidentiary record compels the conclusion that the proposed social group of Salvadoran women who resist the sexual advances of gang members is socially distinct, and the agency failed to even mention that evidence, never mind explain, as it must under this court's precedence, why it nonetheless found that the group was not cognizable. This court should remand on that basis. I'd like to take a minute to walk through what the agency actually said about social distinctness, and it won't take very long because the agency didn't actually provide any substantive reasoning or address the evidentiary record at all. The BIA decision is on page four and it's the first full paragraph on that page of the administrative record. There are four sentences in the BIA's dispositive determination here. The first sentence just states the conclusion that the BIA is fine with the immigration judge's determination that there's no fear of future persecution on the basis of a statutorily enumerated ground. The second sentence restates the three formulations of the proposed social group. The third sentence is a string site to three agency decisions, but nothing in the string site actually tells the court or Ms. Villegas why each of those cases was has since been overruled by the Attorney General, the matter of ARCG case. And then last, the BIA just restates the conclusion again. It says the record doesn't reflect social distinctness here. That's not sufficient under substantial evidence review. Doesn't that mean that we just go to the IJ opinion in a circumstance like this where the BIA has affirmed it? So, I mean, I appreciate that the BIA was short on analysis, but where specifically was the IJ analysis deficient? Yes, Your Honor. The BIA decision, as you suggest, cites the immigration judge's decision at page 11, which is CAR-82, and that reasoning is even sparser on the social distinctness issue. It's a single sentence at the bottom of CAR-82 that says, however, the evidence does not show that they, the proposed social groups, are socially distinct within the society in question. So, the social distinctness analysis, which again was the determinative basis for the BIA rejecting her claim of a well-founded fear of future persecution, is a single sentence with no citations to the record. At the IJ level, there weren't even any case sites. And again, at the BIA level, it's not clear why the BIA cited the cases. Counsel, you point out that the matter of ARCG has been overruled. I think that was overruled. And was that AB? That's right, Your Honor. Okay. And I don't think that AB helps you. So, we submitted a 28-J letter on Friday that describes why some of the key principles that I think are helpful in this case. For example, that the agency has to do a case-by-case review of the in Diaz-Reynoso. But in any event, the matter of AB case is something that the agency would need to address on remand. The fact is that here on the existing record, we don't actually know why the agency rejected Ms. Villegas' claim of a well-founded fear of future persecution and her showing of social distinctness. What is the basis for the past persecution? Because this doesn't... I understand there was a threat, but the case was pretty clear that threats in and of themselves are not enough. It would have to be a really extreme example. And it doesn't strike me that this satisfies that. Is your position that on its own, it does satisfy it? Or are you just arguing it needs to go back because the IJ, and therefore the BIA, did not do the proper analysis? Two points, Your Honor. First, on past persecution, I think we've argued in our brief, and I'm prepared to explain further today why the facts here do compel a finding of past persecution. Because this was the unusual case in which death threats were so severe, so menacing, they escalated over a very short period of time, and they were made by a known gang member. We know that the threats were credible. This rises to the level of past persecution, and the agency's finding to the contrary wasn't the finding of a reasonable fact finder. But to be clear, even if Ms. Villegas doesn't win that argument, that is, even if she doesn't show that past persecution is compelled here, the social distinctness issue on which the agency provided almost no reasoning stands on its own as a basis for this court to remand. So Ms. Villegas could have shown a well-founded fear of future persecution, either by showing past persecution, or by showing an objectively and subjectively reasonable fear of future persecution. The only- Ms. Reed, I'm sorry. It's hard to know when to break in because on this video, do you have something you want to finish first? Oh, go ahead, Your Honor. It seems to me that the issue about social group has to do with whether or not there is proof of future persecution, which the AG said, the IG didn't reach because he found it wasn't a social group. But it seems like there's also a finding that there wasn't proof of future persecution by the IG. And if that's true, you wouldn't really have to reach the social group issue if you found that the evidence of future persecution was insufficient. So I agree with your premise, Your Honor, that if the agency had made an independent finding that she didn't establish a fear of future persecution because the facts just didn't show that she objectively and reasonably feared future persecution, that that would be an independent determination here. But I don't think the agency decision can be read that way. The BIA's decision certainly doesn't make any finding that her fear of well-founded persecution wasn't objectively reasonable. And in fact, if the BIA had said that, Your Honor, I think the facts would compel a contrary finding. If you look at the cases cited by the agency below and the cases that we discussed in the briefing, even the cases that didn't find that the facts of credible severe death threats supported a finding of past persecution found that those same facts substantiated a finding of a well-founded fear of future persecution that was objectively reasonable. So I don't think that matters in dispute here. I think if the BIA had said she didn't have a reasonable fear, that would be incorrect and unsupportable on this evidence. But more importantly, I think the agency's decision below the dispositive basis was this social distinctness issue where the agency didn't actually provide any reasoning and didn't grapple with the probative evidence in the record. And the nature of the evidence here is the kind of evidence that this court has relied on to remand other cases dealing with persecution on account of a proposed social group. So I would point the court to the career. Counsel, which of these social groups do you think is your best position? Because I got to take Salvador and women who are unable to leave a domestic relationship. Seems like a tough one here because, I mean, she almost conceded she wasn't in a relationship. That's what, you know, kind of got her to leave. So which of the other two do you think is your strongest position? Yeah, I think you're right, Your Honor. The agency found she wasn't in a domestic relationship with this gang member, and we don't stand on that formulation here. I think the second two social groups framed at CAR for Salvador and women who refuse to be girlfriends of MS gang members and Salvador and women who refuse to be victims of violent sexual predation of gang members both capture the critical elements of the social group here. And for convenience sake in the reply brief, we just framed that as Salvador and women who resist the sexual advances of gang members. I think that just captures the basic salient elements of those social groups. So what makes your client socially distinct in El Salvador? Yeah, so there's three types of evidence that I think are clearest on this. So the first is her testimonial evidence that women like her were subject to persecution and were killed and CAR 124. In each of those places, she describes how women like her disappear because of the gangs and they disappear because of the same gang members who were following and threatening her. And then there's also documentary evidence that describes that El Salvador is the most dangerous place in the world. Let's go. I want to go back to that. I want to go back to that just a little bit because I want to go back to the attorney general's analysis in AB who says you can't define the group simply by the harm, simply by the harm. They have to be something else that makes them socially distinct. How would she be distinct in society in El Salvador? How would somebody know if they encountered your client on the street, for example, that she was a woman who was being who was being pursued and threatened by a gang member? Well, first of all, your honor, I do want to reiterate that matter of AB wasn't addressed by the agency below and that this reasoning, this question of whether the proposed social group is circular or is defined by the or would be noticed on the street, none of that reasoning is in the agency's decision below. But that said, I'm happy to engage the question on its own terms. I think Diaz-Reynoso reiterated that persecution can still be relevant to a group's social distinction and it cited the BIA's in MEVG which says that persecution can be the catalyst that causes the society to distinguish a member of a group in a meaningful way. Got that. How would anybody know that your client was being persecuted? So I think the fact that she would, that she resists the gang member's sexual advances and in fact the record describes how Cabezon knew that, the other gang members knew that when she told her aunt about the predicament that she was in, her aunt knew that. You know, the court has said and the agency has said social distinction doesn't mean literal visibility that when she's seen on the street, someone knows she's part of the social group. It means that the society regards her as distinct and as part of this distinct group. I think some of the evidence we have here, the documentary evidence about the prevalence of gang violence against people who specialized courts to deal with violence against women, that's at CAR 178, 195 and 196, is very similar to this court's, the evidence this court looked at in Enriquez-Rivas where the court said the fact that members of the social group are uniquely vulnerable and the government is going to specific pains to protect them actually shows that the group is socially distinct. Ms. Reid-Dippo, I'm going to ask another question. Do you believe that on this record that the analysis that this court said had to be done under Diaz-Renoso has not been done and it should be remanded for the court to do that, to be more fact-specific? Yes, that's right, your honor. That's right, your honor. It seems like, and I need to think about it some more, that this record, if you're supposed to do as much as Diaz-Renoso says in each particular case to apply the facts, that the record just doesn't seem like the agency knew that at the time and didn't do it. Yes, your honor. I think Diaz-Renoso is one case in a string of cases, including Pereira-Bach and Enriquez-Rivas, that make clear that the agency has to do a case-by-case determination and it has to actually review the evidentiary record and the Castillo and Garo Villas cases also make that clear. The agency didn't grapple with the evidence at all here that's not sufficient and requires remand. I'd like to reserve my remaining time. Thank you, counsel. Ms. McKinney, go ahead. Good morning and may it please the court, Katherine McKinney for the respondent attorney general in this matter. Substantial evidence supports the agency's finding that the petitioner did not demonstrate past persecution where the events she described freed death threats from a former neighbor whose sexual advances she refused while frightening and unfortunate do not rise to the level of severity necessary for a finding of persecution. This court has held that threats standing alone rise to the level of persecution only in a small category of extreme cases with factors not present here. For example, this court has held that threats can constitute past persecution when they are specific menacing or accompanied by evidence of violent confrontation for example factors not present here. Here we have three threats delivered to the petitioner over a brief two-month period when the parties had known each other for the previous 16 years. The petitioner suffered no harm there was no harm to her family including her son who remains in El Salvador. These three threats while frightening and unfortunate were not so specific and menacing as to rise to the level of past persecution. If we look at this court's case law the factors present in other cases where the court did find past persecution based on threats alone are not present here. Additionally there are cases where the threats were more severe than those the petitioner encountered. Can I ask a question? Does the fact that there were three separate threats, does that make does that increase the likelihood of past persecution or does it decrease it? I mean because you could see a situation where you know they make a death threat no action make another death threat no action. I there's some persistence here and so I guess I'm wondering what the government's position is on that whether that and makes it worse or or not. I think it's a case-by-case basis looking at the record whether or not the threats are specific and menacing and to your honor's point that there might be for example in some of the cases cited in the government's brief where the threats were over a more lengthy period a five or six year period there might have been some indication there that the threats perhaps were less serious or less menacing if they were unfulfilled for a longer period of time than that here. But if we look at at some of the other cases for example Daron Rodriguez also cited in the government's brief is quite similar there there were I believe two threats so similar numerically to the number of threats here there was a close confrontation and there was also a similar there was a three-day ultimatum there and and here there was the two-day ultimatum and still even in Daron Rodriguez the court didn't find that the record compelled a finding of past persecution noting as this court has in in many cases that it's really an extreme rare case there's a long line of cases in this court noting that a persecution is an extreme concept and while threats can constitute in some rare circumstances past persecution this just isn't one such case. In addition like I said to Daron Rodriguez which is similar we have for example the Halim and Canales case where the court also agreed with the agency that those threats were not sufficiently extreme and they are frightening and troubling recognizing that the individual whose sexual advances she refused was a gang member but that factor was actually similar to factors present in for example Canales there the individual was a member of the Shining Path a terrorist group so also understandably frightening there so factually looking at the cases I'm not aware of a specific numerical limitation on it would be whether or not the facts indicate the threats themselves are sufficiently menacing so as to constitute actual suffering or harm. So what if you could address the the social groups whether or not we agree that these are social groups I guess one of the questions is did the IJ and the BIA do enough of an analysis and what's your what's the government's on how that analysis may have been enough to to reject them as social groups? Yes and this also goes I think a little bit to the question that Judge Whaley posed about is this case any different from the DS case that Petitioners Council submitted the 20HA last week where this court remanded for more analysis and I think the government's position that that case is distinguishable because there one of the main reasons why the court says the analysis was insufficient or that the agency didn't conduct a case-by-case analysis was because there I believe that what the agency had done was say your group is foreclosed by a matter of AB without a different analysis on the record of the actual proposed group and the actual evidence in the record and here a matter of AB was decided after the agency's decision and the board didn't find that the group was foreclosed for example by a group that had been considered in a previous case rather what the board said was that it had considered the petitioners of propellant arguments and let's not forget that the petitioner is the one who the applicant bears the burden of delineating their group articulating their group with specificity and proving social distinction what the board said was it considered the petitioners appellate arguments but did not find that the evidence in this case showed that the three proposed proposed groups were socially distinct and if we look at the arguments made to the board and they're in the record at AR 15 and AR 17 the arguments being made to the board which the board said it considered were some of the same arguments being made in for example the petitioner's brief and that was that domestic violence is a widespread problem in the country that domestic violence is socially acceptable and also that the incidence of femicide for example was was high in the country so these were the same arguments that were presented to the board and that the board said it considered and found that those arguments presented to it were insufficient to show that these either these any of these three proposed groups were socially distinct so do we do we have anything other than that conclusory statement that you just read to me about their analysis and the other thing I wanted to ask was well I'll wait for that go ahead yes so so I agree that the analysis could be more fulsome I guess it was the government's point that the that the agency is tasked with analyzing the social groups that the applicant is tasked with articulating and presenting and the board said that it was addressing the arguments presented to it additionally we can see that the board does presented to it and did note that for example the petitioner did not appear to belong to one of the groups and then we also have in this instance that the immigration judge's decision and again in that instance we do have I mean the judge for example does say that the judge considered all of the evidence whether or not specifically discussed or not that the and the petitioner to present evidence of social distinction and the judge does lay out the requirements for example the three requirements for a social group to be cognizable is laid out in the judge's decision and that the petitioner would have been required to show social distinction which wasn't found on this record so it's the government's position that this is a case where the specific groups were addressed and so in that sense a case-by-case analysis was performed and that makes it distinguishable from the Diaz-Reynoso case and that the evidence here just simply doesn't compel the conclusion that any of the proposed groups are socially distinct on this record considering the background reports and the testimony that evidence simply doesn't compel that conclusion that the groups are distinct. Let me ask the other question I had do you believe that the record below would sustain the decision based upon future prosecution persecution without addressing the social group issue? So on that note I also actually agree with petitioner's counsel that I understood the board's with respect to future persecution to be merely addressing the cognizability of the social groups social distinction and nexus and didn't reach the other issues I read it that way as well for example I think we have the footnote there where the immigration also may be a some findings with respect to whether or not the government was unable or unwilling to control the private individual that the petitioner here fears relying on the bring us decision of this court and the board drops the footnote that they weren't relying on that finding so I believe that that would not be properly before the court for lack of a board decision on the in the first instance it's the government's position that what the board was relying on was the cognizability of the three groups and the lack of social distinction so unless the court has any further questions the government would request that the court deny the petition for review. Thank you counsel and Ms. Redippo we'll give you we'll give you a minute for a rebuttal. Thank you your honor there's a single issue here that is both necessary and sufficient for the court for the court to grant the petition for review and remand the only reason as the government agrees that the agency found that Ms. Villegas did not establish a well-founded fear of future persecution is because it said that her proposed social group was not socially distinct the government says that Diaz-Reynoso is different because the agency here didn't say that the proposed social group was foreclosed by other cases but that's because here the agency didn't offer any substantive reasoning at all it just stated its conclusion in boilerplate statements those boilerplate statements are not sufficient whereas here there is probative evidence which the government doesn't dispute of the prevalence of female targeted violence and violence by gangs and that women like her were persecuted and were a social group that's clear from Castillo, Gadovias, and Pereira-Bach and the court should remand on that basis. Thank you. Thank you very much thank you to both counsel for well presented argument that case is now submitted and we will turn to the second case on the argument docket for today. Yanet Elizabeth Vasquez de Munoz versus Jeffrey A. Rosen case numbers 18-72351 and 18-72353
judges: Bybee, Whaley, Nelson